IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE E. HESS, | : CIVIL ACTION NO. 3:12-CV-1907 |
|  Plaintiff, | : (Chief Judge Conner) |
| v. | : |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | : |
|  Defendant. | : |

### **MEMORANDUM**

Plaintiff Annette E. Hess ("Hess") brought the above-captioned action to appeal the Commissioner of Social Security's ("Commissioner") decision denying her claim for disability insurance benefits and supplemental security income. Presently before the court is Hess's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as amended. (Doc. 14). For the reasons that follow, the court will grant the motion.

**I.     Factual Background and Procedural History**

On May 18, 2009, Plaintiff Annette Hess protectively filed an initial application for disability insurance benefits and supplemental security income for disability since December 31, 2008. (Doc. 8-2 at 12).[1] The Commissioner denied her initial application for social security benefits on December 18, 2009. (Id.) Upon

---

[1] Citations to the administrative record (Doc. 8) reflect the docket number followed by the specific Bates-stamped page number on the bottom right-hand corner of each page of the record.

written request, Hess appeared and testified before an Administrative Law Judge ("ALJ") at a hearing held in Harrisburg, Pennsylvania on February 8, 2011. (Id.)

Hess alleges disability based upon major depression, attention deficit disorder, bipolar disorder, generalized anxiety disorder, social phobia, panic disorder, and chronic mood disorder, as well as fibromyalgia and cervical disc disease. (Id. at 31-32). At the hearing, Hess testified that she was working part-time as a short-order cook at Johnnie's Diner. (Id. at 44-46). However, Hess estimated that she misses work about three or four times a month due to depression. (Id. at 49-50). Within two weeks of the hearing and prior to the ALJ's decision, Hess submitted a handwritten statement from her employer, indicating that Hess missed 52 days of work between May and December of 2010 with an average of 6.5 days per month. (See Doc. 8-6 at 235-36).

On June 3, 2011, the ALJ issued a decision denying Hess's claim for social security benefits. (See Doc. 8-2 at 12-22). With respect to work absences, the ALJ determined that Hess's testimony was not credible. (Id. at 17). Specifically, the ALJ noted Hess's estimate of work absences was inconsistent with her testimony that she would work more hours if available. (Id.) Moreover, the ALJ discounted the divergent estimates of monthly absences in the medical record as unreliable and inconsistent with record evidence. (Id. at 18-19). The ALJ failed to discuss the post-hearing statement from Hess's employer or include it on the exhibit list attached to the decision. (See id. at 16-20, 23-26).

2

Hess appealed the ALJ's decision to the Appeals Council on June 29, 2011. (See id. at 7-8). On August 16, 2012, the Appeals Council denied Hess's request for review. (See id. at 1-6). The Appeals Council stated that it considered the additional evidence from Hess's employer, but the evidence did not provide a basis for altering the ALJ's decision. (Id. at 1-2). The Appeals Council's denial of review rendered the ALJ's decision the final agency decision. (See id. at 1).

On September 24, 2012, Hess, through counsel, filed a complaint in the instant action to appeal the final administrative decision denying her application for social security benefits pursuant to 42 U.S.C. § 1383(c)(3).[2] (Doc. 1). In a memorandum and order dated March 7, 2014 (Docs. 12, 13), the court remanded the final administrative decision to the Commissioner for failure to discuss the statement from Hess's employer regarding her absentee rate. (Doc. 12 at 21-25). On April 1, 2014, Hess filed the instant motion for attorney fees under the EAJA. (Doc. 14). The Commissioner opposes the motion, asserting that her position was substantially justified within the meaning of the EAJA. (Doc. 17 at 2). The motion is fully briefed and ripe for disposition.

---

[2] "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." 42 U.S.C. § 1383(c)(3). "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . . Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." Id. § 405(g).

**II.     Standard of Review**

Under the EAJA, "a court shall award to a prevailing party[3] . . . fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations omitted).

To defeat a claim for attorney fees under the EAJA, the Commissioner bears the burden of demonstrating substantial justification. Cruz v. Comm'r of Soc. Sec., 630 F.3d 321, 324 (3d Cir. 2010) (citing Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)). The Commissioner must demonstrate that her position had "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Id. (quoting Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998)). This standard applies to both the Commissioner's pre-litigation agency position in the final administrative decision and its litigation position on

---

[3] A plaintiff who obtains judgment under sentence four of 42 U.S.C. § 405(g) is deemed the prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 302 (1993); Kadelski v. Sullivan, 30 F.3d 399, 401 n.2 (3d Cir. 1994). Sentence four includes relief in the form of remand to the Commissioner for further review. See 42 U.S.C. § 405(g) ("The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.").

appeal. Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009); Taylor v. Heckler, 835 F.2d 1037, 1040 (3d Cir. 1987) (noting that, if either position is not substantially justified, the prevailing party should be awarded EAJA attorney fees).

However, "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." Morgan, 142 F.3d at 685; see also Kiareldeen v. Ashcroft, 273 F.3d 542, 554 (3d Cir. 2001) (holding that substantial justification "does not present the same question as that presented by the underlying merits of the case"). The pertinent inquiry is whether the Commissioner's position has a reasonable basis in both fact and law. Cruz, 630 F.3d at 325; see also Pierce, 487 U.S. at 565; Kiareldeen, 273 F.3d at 554. When the Commissioner's position presents an unsettled or close question of law, the Commissioner will often be able to establish that her legal position was reasonable and therefore substantially justified. Valladolid v. Comm'r of Soc. Sec., 29 F. App'x 861, 863 (3d Cir. 2002); Washington v. Heckler, 756 F.2d 959, 961-62 (3d Cir. 1985). If, on the other hand, the Commissioner's position "clearly offends established precedent," it cannot be considered substantially justified. Valladolid, 29 F. App'x at 863; Washington, 756 F.2d at 962.

**III.   Discussion**

On appeal, Hess asserted three main reasons for reversal or remand to the Commissioner. (See Doc. 9). The court granted remand on only one of Hess's arguments; to wit, the ALJ erred by failing to consider relevant and probative evidence from Hess's employer regarding an excessive absentee rate. (See Doc. 12).

5

In the instant motion, the Commissioner's sole contention is that her position on this issue was substantially justified. (Doc. 17 at 2). Thus, the court must consider whether substantial justification exists for both the ALJ's decision denying social security benefits as well as the Commissioner's opposition to Hess's appeal. The court will address each position in turn.

### A.     The ALJ's Final Administrative Decision

The Commissioner does not directly address the ALJ's failure to consider or explain the rejection of the statement from Hess's employer regarding an excessive absentee rate.[4] (See id.) Nevertheless, the court concludes that the ALJ's position was not substantially justified by virtue of its failure to consider all relevant and probative evidence of residual functional capacity.

Failing to consider relevant evidence or rejecting such evidence without explanation clearly contravenes Third Circuit precedent. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 204 (3d Cir. 2008) ("[A]n ALJ may not reject pertinent or probative evidence without explanation."); Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d Cir. 2000) (holding that an ALJ must consider all medical and non-medical evidence and give some indication of which evidence he or she rejects and the reason therefor); Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981) ("[A]n explanation from the ALJ of the reason why probative evidence has been rejected is

---

[4] In her opposition to the instant motion, the Commissioner conflates the final agency decision and appeal positions. The Commissioner mistakenly attempts to reargue her position on appeal to establish substantial justification for the ALJ's final decision. (See Doc. 17). The court will address these arguments *infra*.

required so that a reviewing court can determine whether the reasons for rejection were improper.").

In the final administrative decision, the ALJ concluded that Hess had the residual functional capacity to perform a full range of unskilled work at all exertional levels. (Doc. 8-2 at 16). In reaching this conclusion, the ALJ weighed the credibility of Hess's testimony and the medical opinions to conclude that Hess was capable of working on a full-time basis. (Id. at 17-19). However, the ALJ failed to consider or explain the rejection of her employer's statement regarding an excessive absentee rate. Such evidence clearly contravenes the ALJ's decision on Hess's residual functional capacity and her ability to maintain alternative employment. (See Doc. 12 at 23-25).

Applying the substantial justification test, the court concludes that a reasonable person would not believe that the complete failure to consider relevant and probative evidence has a reasonable basis in law. See Forsythe v. Astrue, No. 07-266, 2008 WL 4683436, at *3 (W.D. Pa. Oct. 22, 2008) (finding no substantial justification when Commissioner did not offer an explanation for ALJ's failure to consider evidence from three long-term treating physicians). Consequently, the Commissioner has failed to prove that the ALJ's final administrative decision is substantially justified.

### B. The Commissioner's Opposition to Hess's Appeal

The court must also determine whether substantial justification exists for the Commissioner's position on appeal. Generally, the court will not grant an award of

attorney fees when the Commissioner's position as a whole is substantially justified. Williams, 600 F.3d at 302 ("[A] party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified.") (citation omitted).  However, a claimant may be entitled to EAJA fees when she is successful on one of many proffered theories and the government's position on that theory "was significantly erroneous and had a significant impact on the litigation." Corona v. Barnhart, 431 F. Supp. 2d 506, 514 (E.D. Pa. 2006); Williams v. Astrue, 595 F. Supp. 2d 582, 585 (E.D. Pa.), aff'd, 600 F.3d 299 (3d Cir. 2009) ("[A] more egregious example of misconduct might, even if confined to a narrow but important issue, taint the government's 'position' in the entire case as unreasonable.").  In other words, the court may grant attorney fees when an error does not meet the harmless error test and may be dispositive of the appeal.

In the instant action, the court found substantial evidence to support the ALJ's decision that Hess's mental impairments do not meet or equal any listed impairments, and the ALJ's assessment of all of the medical opinions in the record. (See Doc. 12).  The court concluded, however, that the ALJ's failure to consider relevant and probative evidence of Hess's excessive absentee rate was reversible error for the reasons discussed above.  (Id. at 25).

Here, the Commissioner reasserts her arguments on appeal and contends that the ALJ's failure to consider the employer's statement was not fatal for two reasons.  (Doc. 17 at 3-6).  First, the evidence from Hess's employer was neither credible nor persuasive.  (Id. at 5-6).  Second, the Appeals Council already

8

considered the evidence and found no basis for review.  (Id. at 4-5).  The court finds both arguments unavailing.

The Commissioner argues that the evidence from Hess's employer was not reliable and therefore not probative of Hess's residual functional capacity because the employer's statement did not include the place of employment, scheduled work dates, and the dates and reasons for absences.  (Id. at 5-6).  This argument is inapposite.

On appeal, the Commissioner is not entitled to provide post-hoc explanations for the ALJ's decision.  It is well established that "[t]he grounds upon which an administrative order must be judged are those upon which the record disclosed that its action was based."  Farqnoli v. Halter, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (quoting SEC v. Chenery Corp., 18 U.S. 80, 87 (1943)); see also Diaz v. Comm'r of Soc. Sec., 410 F. App'x 430, 433 (3d Cir. 2010) ("'[G]eneral principles of administrative law preclude the Commissioner[] from advancing grounds in support of the agency's decision that were not given by the ALJ.'") (quoting Golembiewski v. Barnhart, 322 F.3d 912, 916 (7th Cir. 2003)); Telesha v. Barnhart, No. 01-2371, 2003 WL 22161584, at *3 (M.D. Pa. Mar. 31, 2003) ("[T]he obligation to consider all probative evidence cannot be met either by a defendant's responsive filing or a reviewing court.").

In this case, the ALJ never considered the statement from Hess's employer in order to make such credibility judgments.  Thus, the Commissioner's proffered justification for the ALJ's failure to credit such evidence has no reasonable basis in law and cannot support substantial justification.  See Forsythe, 2008 WL 4683436, at

9

*4 (rejecting substantial justification claim based upon Commissioner's after-the-fact analysis of ALJ's failure to consider all medical evidence).

Similarly, the Commissioner cannot substantially justify her position based upon the Appeals Council's consideration and rejection of the employer's statement.  When the Appeals Council denies a request for review, the ALJ's decision, and not the Appeals Council's denial, becomes the final decision of the Social Security Commissioner subject to the court's review under 42 U.S.C. § 1383(c)(3).  See 20 C.F.R. § 416.1481; Beeks v. Comm'r of Soc. Sec., 424 F. App'x 163, 164 (3d Cir. 2011).

Furthermore, the Appeals Council merely issued a summary denial of Hess's appeal.  Even though the Appeals Council considered the evidence from Hess's employer, it failed to explain why the evidence did not provide a basis for altering the ALJ's decision.  The court cannot provide a meaningful review of the ALJ's final decision when the ALJ failed to consider the relevant evidence *and* the Appeals Council denied review without explanation.  See Taylor v. Astrue, 345 F. App'x 259, 260 (9th Cir. 2009) (holding that the Commissioner cannot rely on Appeals Council's summary denial of review in order to find harmless error in ALJ's failure to consider evidence of record).  Accordingly, the court cannot find that the Commissioner's litigation position was substantially justified.

**IV.   Conclusion**

For the foregoing reasons, the court will grant Hess's motion for attorney fees.  (Doc. 14).

The court notes that the Commissioner does not dispute Hess's requested attorney fees, and the court finds that such fees are reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In this case, Hess requests a total of $4,571.88 for 23.75 hours of work at the approved rate of $192.50 per hour. (See Doc. 19, Ex. A); see also 28 U.S.C. § 2412(d)(2)(A); Dewalt v. Sullivan, 963 F.2d 27, 30 (3d Cir. 1992). Hess's counsel properly expended her time preparing the complaint, drafting briefs, and reviewing and filing related documents. Therefore, the court will grant Hess $4,571.88 in attorney fees in accordance with the EAJA.

An appropriate order will issue.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     July 22, 2014